Wyly, J.
The relators had judgment against the succession of Alex- 1 ander Gordon, deceased, in the Second District Court, and a suspensive appeal was taken from that judgment.
*581 Whilst this appeal was pending, the relators made a motion in the Second District Oourt suggesting that they are creditors of said succession, and as such interested in its due and faithful administration according to law ; and further, suggesting that the legal representatives of said succession, have failed to deposit the moneys collected by them for account of said succession in a chartered bank of this State, or a branch thereof ; that they have not kept an official bank-book ; and have withdrawn the deposits of funds belonging to said succession, if any deposits were ever made, before a tableau of distribution had been homologated, and without an order of Oourt. And further suggesting their desire to know whether said legal representatives have any funds in their hands belonging to said succession, and if so, what amount. On these suggestions a rule was granted, requiring the executors of said succession to show cause within ten days after service, why they should not file a true statement of their accounts as executors, and their bank-book, showing the amount of funds collected by them for said estate ; and they wero further required to show cause why they should not be dismissed from office on account of their failure to fulfil their duties as required by law, and why they should not be condemned to pay for the irse qf said estate, twenty per cent, per annum, interest on any amount of funds not deposited or withdrawn without authority.
The executors of Alexander Gordon, deceased, filed an exception to this rule taken against them, on the ground that a suspensive appeal liad been taken from the judgment in favor of relators, which was still pending in the Supreme Court; and that that Oourt could not grant the rule, or take any proceedings against said succession until the final decision of said appeal, and therefore, that that Court bad no jurisdiction of said rule.
The District Judge maintained this exception, and dismissed the rulo with costs.
The relators apply to this Court for a writ of mandamvs, to compel tho District Judge to entertain their rule, and require the executors of Alexander Gordon, deceased, to discharge their duty as prescribed by act of 1855.
The act of 1855, requires that “ all executors, administrators, curators and syndics, shall deposit all moneys collected by them as soon as the same shall come into their hands, in one of the chartered banks of this State, or in one of their branches, allowing interest on deposit, if there be one in the parish. They shall keep a bank-book in their official name, and shall on no account withdraw the deposits, or any part thereof, until a tableau of distribution shall be homologated, or unless ordered by a competent court, and then only, to pay such debts as may be ordered for payment. On failure to comply with the provisions of this section, they shall be condemned jointly, and severally with their sureties to pay to the use of the estate, twenty per cent, interest per annum, on the amount not deposited, or withdrawn without authority, besides all special damages suffered, and shall be dismissed from office.”
Section throe of that act provides that “ any creditor, or other person interested, may at the regular sittings of the courts of New Orleans, and in the country, as well during the vacation as the sitting of the court *582 having jurisdiction, file in the clerk’s office a motion to know whether any executor, administrator, curator'or syndic has any funds; and he shall he hound within ten days to file a true statement of his accounts, and his bank-book; if he'has one, showing the amount of funds collected by him, and ou failure to do so, shall be dismissed from office, and pay ten per cent, per annum interest ón any sums for which he may be responsible. ” (See Revised Statutes, page 2, Sections 2 and 3.)
The question presented is, can a creditor whose judgment has been suspended by an appeal, file the motion to know whether the executors have any funds, and ask that they be ruled to file a true statement of their accounts, their bank-book, etc. ? Can the executors by taking a suspensive appeal from relators’judgment, deprive them of the right to know the condition of the succession, and whether its legal representatives are acting faithfully ? We think not.
Thd relators certainly have sufficient interest in the estate to make the 'motion. The law permits it to be made by “any creditor, or other person interested.”
But the Judge a quo, urges that having granted a suspensive appeal lxis “ Court cannot take any proceedings against said succession, until the said appeal is decided by the Supreme Court, and therefore, his Court has no jurisdiction of said rule.”
We do not think, that the right to file the motion has any immediate connection with the judgment appealed from ; it is not a right growing out of that judgment, but a right that the law gives to every “creditor, or other person interested,” it matters not how the indebtedness is evidenced, whether by account, note or judgment.
We fully concur with the District Judge in his statement that “ where an appeal is taken from a judgment rendered by an inferior court to the Supreme Court, the inferior court is divested of all jurisdiction over said case, except to test the solvency of the security given on the bond.”
But we do not regard the filing of the motion, to ascertain the condition of the succession, as in any manner disturbing the jurisdiction of this Court over the judgment appealed from.
It has been urged in the argument, that relators’ rights are protected by the appeal bond, and therefore, they should not be permitted to file the motion. ' We think the greatest protection to creditors is the fidelity of tlié‘legal representative of file succession. That the executors are the officers of court pro line nice, and the law of 1855, provides the means by which “ any creditor or other person interested, ” can call upon them stíminarily, and ascertain whether they are acting faithfully.
The law has wisely provided, that these'officers of court, shall deposit the funds of estates in their hands in hank, and that the creditors and parties interested, can at any time ascertain the true condition of the estates.
If the stringent requirements of the act of 1855, could be evaded by an appeal, unfaithful executors, administrators and curators,’ would refuse to allow any of debts of successions, however just, and take suspensive appeals on all the judgments that might be rendered in the inferior courts, for the purpose of using the funds of the estates confided to their charge. The whole object of the law would thereby be defeated.
*583 We think the District Judge had jurisdiction, and should have entertained the motion.
This proceeding' and the suit now on appeal, are separate and independent proceedings.
It is therefore ordered, that the writ of mandamus, he made peremptory, requiring the Judge of the Second District Court of New Orleans, to take cognizance of, hear and determine the motion of relators dismissed on exception.